MAX FEIGES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAMPLE HAT STORES CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6036, 6042.   Promulgated November 2, 1928.

*Irwin Newman, Esq.,* and *William Friedman, Esq.,* for the petitioners.
*James A. O'Callaghan, Esq.,* for the respondent.

SIEFKIN: These are proceedings, duly consolidated for hearing and decision, for the redetermination of deficiencies asserted as follows:

|  | Year | Tax | Penalty | Total |
|---|---|---|---|---|
| Max Feiges | 1920 | $262.52 | $131.26 | $393.78 |
|  | 1921 | 1,961.24 | 980.62 | 2,941.86 |
| Sample Hat Stores Co., Inc | 1920 | 2,390.42 | 1,195.21 | 3,585.63 |

At the hearing counsel for the respondent conceded that there was no deficiency or penalty due from Max Feiges for 1921. The only issue remaining relates to the withdrawal of $7,362.60 from the corporation in 1920 by Max Feiges or his wife Sarah L. Feiges.

Max Feiges is a resident of Chicago, Ill. For the year 1920 he made a joint income-tax return for himself and his wife, Sarah L. Feiges. The Sample Hat Stores Co., Inc., was an Illinois corporation, with its principal office at Chicago, which ceased doing business September 1, 1921, and turned over its assets and liabilities to Max Feiges.

During 1920 Sarah L. Feiges deposited the amount of $50,217.65 in two banks in her own name. During the year 1920 Max Feiges and Sarah L. Feiges withdrew a net amount of $7,362.60 from funds of the Sample Hat Stores Co., Inc. The books of the corporation contained no accounts receivable account for Max Feiges or Sarah L. Feiges. The respondent, in determining the deficiency for the corporation and the individual, assumed that the amount so withdrawn was charged to expense in computing the income of the corporation and added the amount of $7,362.60 to the income of the corporation for 1920, and to the income of Max Feiges as dividends. The revenue agent whose report formed the basis of the respondent's determination, testifying in this proceeding, admitted the addition to income of the corporation to be erroneous. The amount of $7,362.60 was not charged to expense on the books of the corporation, but was included in the total amount reported as income by the corporation. The amount of $7,362.60 withdrawn by Max Feiges and Sarah L. Feiges was less than the amounts standing to their credit on the books of the corporation.

It is manifest that the respondent was in error in adding the amount of $7,362.60 to income of the corporation and in treating the withdrawals as dividends to the individual.

*Judgment will be entered under Rule 50.*